IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AARON LEO LUDWIG, Defendant. | CR 21-24-GF-BMM-JTJ FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Aaron Leo Ludwig (Ludwig) has been accused of violating the conditions of his supervised release. (Doc. 29). Ludwig admitted the alleged violation. Ludwig's supervised release should be revoked. Based upon agreement of the parties, Ludwig should be sentenced to TIME SERVED, with no term of supervised release to follow.

## II. Status

Ludwig plead guilty on June 28, 2021, to the offense of Felon in Possession of Firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2), as charged in Count 1 of the Indictment. (Doc. 20). Ludwig was sentenced to 24 months of

custody, with 2 years of supervised release to follow. (Doc. 27). Ludwig's current term of supervised release began on October 8, 2024.

### Petition

On November 6, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Ludwig's supervised release. (Doc. 29). The Petition alleged Ludwig violated conditions of his supervised release by: (1) failing to reside at his approved residence, with his whereabouts unknown between October 18, 2024, and his arrest on March 20, 2025.

### Initial Appearance

Ludwig appeared before the Court on March 25, 2025. Ludwig was represented by counsel. Ludwig stated that he had read the Petition and that he understood the allegation against him. Ludwig waived his right to a preliminary hearing.

### Revocation hearing

Ludwig appeared before the Court on March 25, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Ludwig admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to reside at his approved residence, with his whereabouts unknown between October 18, 2024, and his arrest on March 20, 2025. Ludwig's admitted violation is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Ludwig appeared before the Court on March 25, 2025. Ludwig's violations are Grade C.  His criminal history category is IV.  Ludwig's underlying offense is a Class C felony.  Ludwig could be incarcerated for up to 24 months.  Ludwig could be ordered to remain on supervised release for 36 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.   Analysis

Ludwig's supervised release should be revoked.  Based upon the agreement of the parties, Ludwig should be sentenced to TIME SERVED, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Ludwig that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Ludwig of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Ludwig that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Ludwig waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That AARON LEO LUDWIG has violated the conditions of his supervised release by: (1) failing to reside at his approved residence, with his whereabouts unknown between October 18, 2024, and his arrest on March 20, 2025.

The Court **RECOMMENDS:**

That based upon the agreement of the parties, Ludwig should be sentenced to TIME SERVED, with no term of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of March 2025.

John Johnston
United States Magistrate Judge